STATE OF NORTH CAROLINA v. HENRY WILLIAMS

No. 737SC383

(Filed 9 May 1973)

**Constitutional Law § 32— failure to appoint counsel — written waiver of counsel**

    The trial court did not err in failing to appoint counsel to represent defendant in his preliminary hearing and trial for felonious larceny where defendant in writing waived his right to counsel prior to his preliminary hearing and again before trial, and the court found that defendant acted with full awareness of his right to counsel and the consequences of waiver thereof.

APPEAL by defendant from *Martin (Perry), Judge,* 11 December 1972 Session of Superior Court held in EDGECOMBE County.

Defendant was convicted of the felony of larceny. Prior to preliminary hearing and again before trial he, in writing, waived his right to counsel. After judgment imposing a prison sentence was entered, defendant gave notice of appeal. Upon defendant's affidavit of indigency, Judge James, on 22 January 1973, appointed counsel to perfect appeal.

*Attorney General Robert Morgan by Ann Reed, Associate Attorney for the State.*

*Joel K. Bourne for defendant appellant.*

VAUGHN, Judge.

Defendant contends that, despite his waiver, the court should have appointed counsel to represent him at the preliminary hearing and at trial. This argument is without merit. A defendant may waive counsel. In the present case defendant's waivers were in writing and fully support the court's findings of record to the effect that defendant acted with full awareness of his right to counsel and the consequences of waiver thereof.

Defendant's argument that the prison sentence of not less than eight nor more than ten years constitutes cruel and unusual punishment in violation of the Constitution of North Carolina

is without merit. All of defendant's assignments of error have been considered and we find no prejudicial error.

No error.

Judges CAMPBELL and MORRIS concur.